CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED

MAY 1 2 2009

JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KENNETH EDWARD BARBOUR,<br>Plaintiff, | Civil Action No.7:09-cv-00154 |
| v. | **MEMORANDUM OPINION** |
| KEEFFEE COMMISSARIES AT VDOC's,<br>Defendant. | By: Hon. James C. Turk<br>Senior United States District Judge |

Plaintiff Kenneth Edward Barbour, a Virginia inmate proceeding pro se, brings this civil rights action, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff did not prepay the filing fee and submitted a statement of assets, which the court construes as a request to proceed in forma pauperis to proceed without prepayment of the $350.00 filing fee, pursuant to 28 U.S.C. § 1915. Upon review of court records, the court finds that the action must be dismissed without prejudice under subsection (g) of § 1915 unless the plaintiff prepays the filing fee in full within seven (7) days.

Section 1915(g), enacted as part of the Prison Litigation Reform Act of 1996 ("PLRA"), provides that a prisoner may not bring a civil action without prepayment of the filing fee

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The court takes judicial notice of the fact that plaintiff has had at least three civil actions or appeals dismissed as frivolous or for failing to state a claim. See, e.g., Barbour v. Western Regional Director VDOC, et al., 7:08-cv-00598 (W.D. Va. 2008); Barbour v. Virginia Department of Corrections, 7:09-cv-00083 (W.D. Va. 2009); Barbour v. Stanford, et al., 7:09-cv-00077 (W.D. Va. 2009).

The court thus finds that plaintiff has at least three "strikes" within the meaning of § 1915(g).

Therefore, the court also finds that he cannot file this civil action or any other civil action without prepayment of the $350.00 fee required for filing civil actions[1] unless he demonstrates that he is "under imminent danger of serious physical injury." § 1915(g). Plaintiff does not allege any facts indicating that he is currently under any imminent threat of any serious physical injury within the meaning of § 1915(g). Based on the foregoing, the court finds that plaintiff has failed to demonstrate any imminent danger of serious physical harm. Accordingly, the court shall deny his motion to proceed without prepayment of the filing fee and, if he fails to prepay the $350.00 filing fee within seven (7) days, the court shall dismiss this action without prejudice, pursuant to § 1915(g).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 12th day of May, 2009.

James C. Turk
Senior United States District Judge

---

[1] This fee is set by statute. See 28 U.S.C. § 1914(a).